**AFFIRMED; Opinion Filed November 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00906-CV

### FAMOUS KOKO, INC. AND TAE HWAN KO, Appellants
### V.
### MEMBER 1300 OAK, LLC, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07620**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Myers
Opinion by Justice Myers

This case concerns whether enforcement of a promissory note and the deed of trust securing it were barred by the statute of limitations because the holder of the note's predecessor in interest allegedly accelerated the note's maturity date. Famous Koko, Inc., the payor on two promissory notes, and Tae Hwan Ko, the guarantor of the notes, appeal the trial court's judgment in favor of the holder of the notes, Member 1300 Oak, LLC, following a trial before the court. The court awarded appellee damages and attorney's fees and ordered foreclosure of the lien. Appellants bring one issue on appeal contending the trial court erred by rendering judgment for appellee. We affirm the trial court's judgment.

### BACKGROUND

In 2003, Famous Koko executed note #81096042 in the amount of $209,548.01 payable to United Central Bank. Famous Koko also executed a deed of trust on real property securing the

note "including any and all renewals and extensions thereof." In 2006, Famous Koko executed a smaller note payable to the bank for $30,000. In 2009, Famous Koko executed renewal notes for the remaining balance on the two notes. The notes were secured by deeds of trust on the same property and by Ko's personal guaranties of the notes. All the notes provided that Famous Koko waived the right to notice of intent to accelerate the loans' maturity dates and notice of acceleration of the maturity dates.

In 2011, Famous Koko missed the payments for May and June on the larger loan, #81096042. On June 14, 2011, the bank sent a letter to appellants referencing "Loan #81096042" and stating appellants were in default and demanding that appellants pay the amount of the missed payments plus a late charge within ten days. The letter stated:

> If you do not correct all and complete the events of default by the date indicated above, we will refer this matter to our attorney with instructions to accelerate the principal balance owing and begin the foreclosure process against the collateral. We trust that you appreciate the importance of your immediate attention to the matters set forth in this letter and that further action on our part will not be necessary. **THIS LETTER IS BOTH YOUR NOTICE OF DEFAULT AND NOTICE OF THE BANK'S INTENT TO ACCELERATE YOUR LOAN.**

Despite the letter, appellants made no further payments on either of the notes. However, the bank took no further action to foreclose at that time. In March 2016, the notes and other loan documents including the deeds of trust and guaranty agreements were transferred to appellee.

On June 23, 2016, Famous Koko filed suit against appellee asserting that appellee sought to foreclose on the deeds of trust. Famous Koko alleged that the June 14, 2011 letter accelerated the maturity date of both notes to September 2011 at the latest. Appellants asserted that because appellee or its predecessor did not file suit on the notes or foreclose before September 2015, enforcement of the notes and deeds of trust was barred by the statute of limitations. Famous Koko sought a declaratory judgment "that the Notes and Deeds of Trust at issue in this case are no longer enforceable because the statute of limitations has run or alternatively that Defendant [appellee]

–2–

lack[s] the power to foreclose on Note 2 [the larger note, #81096042] and [Deed of Trust] 2." Famous Koko also brought causes of action to quiet title and for injunctive relief and sought recovery of its attorney's fees under section 37.009 of the Civil Practice and Remedies Code.[1]

On August 1, 2016, appellee filed its answer to the petition; in the answer, appellee admitted it had posted the larger note for foreclosure and that "it seeks to foreclose on the Note and Deed of Trust." On November 22, 2016, appellee filed counterclaims against Famous Koko alleging breach of both notes and seeking damages, attorney's fees, and judicial foreclosure of the deeds of trust. Appellee also brought suit against Ko alleging breach of the guaranties and seeking damages and attorney's fees.

The case was tried before the court. After appellants rested, appellee moved for judgment,[2] and the court rendered judgment for appellee against appellants for the principal and interest owing on the notes and for appellee's attorney's fees. The court also ordered foreclosure of the lien. At appellants' request, the trial court made findings of fact and conclusions of law. The court's conclusions included that appellee's "claims to enforce, recover, and foreclose on the loans, guaranties, and deeds of trust at issue are not barred by limitations."

On appeal, appellants' arguments concern only the larger note, number 81096042. None of appellants' arguments assert the trial court erred by rendering judgment on appellee's claims concerning the smaller note. Therefore, our discussion of appellants' arguments concerns only the larger note.

---

[1] The trial court granted Famous Koko a temporary injunction. Appellee appealed the temporary injunction, and this Court reversed the trial court's order and dissolved the temporary injunction because the trial's order did not set the case for trial. *Member 1300 Oak, LLC v. Famous Koko, Inc.*, No. 05-16-01287-CV, 2017 WL 1360232 (Tex. App.—Dallas Apr. 13, 2017, no pet.) (mem. op.).

[2] Appellee stated he was moving for a "directed verdict." However, in a bench trial, a motion for directed verdict is not proper because there is no jury. The trial court properly treated the motion as one for judgment on the case based on appellants' evidence and not as a directed verdict. *See Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304–05 (Tex. 1988); *Bledsoe Dodge, L.L.C. Kuberski*, 279 S.W.3d 839, 841 (Tex. App.—Dallas 2009, no pet.).

## STATUTE OF LIMITATIONS

In their sole issue, appellants contend the trial court erred by rendering judgment for appellee because appellee's claims were barred by the statute of limitations. Appellants assert the June 14, 2011 letter constituted notice of acceleration of the maturity date of the loan or that acceleration occurred shortly thereafter.[3]

Appellants argue that findings of fact 17, 18, and 24 are not supported by legally or factually sufficient evidence. Those findings are:

> 17. Famous Koko, Inc. was not given both notice of intent to accelerate and notice of acceleration as to Loan 81096042.

> 18. Loan 81096042 was never accelerated and matured by its own terms on September 10, 2012.

> 24. After allowing all just and lawful offsets, payments and credits, there is due and owing to Member 1300 Oak LLC on Loan 81096042 the outstanding balance of $163,511.68 plus accrued but unpaid interest as of May 22, 2017 in the amount of $71,212.33, plus other costs allowed under the note in the amount of $24,447.78. All conditions precedent to recover these amounts were met.

Appellants assert these findings were not supported by the evidence because the bank's June 14, 2011 letter constituted notice of both intent to accelerate and actual acceleration of the note's maturity date. Therefore, appellants argue, the note's maturity date was accelerated, the accrual date on appellee's causes of action on the note was in 2011, and the statute of limitations expired in 2015 before appellee filed its claims in 2016. Thus, appellants assert, there was no amount due and owing on the loan.

The trial court's findings of fact form the basis of the judgment on all the claims and defenses covered by the findings. TEX. R. CIV. P. 299. "The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has

---

[3] The issue, as stated in appellants' brief is:

Whether a clear and unequivocal demand for payment, by a certain date, in conjunction with (1) the statement "we will move to accelerate and foreclose with no further notice" if the payment was not tendered in full and (2) a prior waiver of the right to receive notice of actual acceleration constitutes a notice of acceleration of a debt on a promissory note.

been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment." *Id.* In an appeal from a nonjury trial, findings of fact carry the same weight as a jury's verdict and are reviewed under the same standards that are applied in reviewing evidence to support a jury's verdict. *Shaw v. Cty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied). In evaluating the legal sufficiency of the evidence to support a finding, we view the evidence in the light most favorable to the finding, indulging every reasonable inference supporting it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* at 827. The ultimate test is whether the evidence allows reasonable and fair-minded people to reach the finding under review. *See id.* Anything more than a scintilla of evidence is legally sufficient to support a challenged finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 48 (Tex. 1998). In reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.–Dallas 2011, no pet.).

The party asserting the affirmative defense of the statute of limitations has the burden of proving the elements of the defense, including the date the cause of action accrued. *Holland v. Lovelace*, 352 S.W.3d 777, 788 (Tex. App.—Dallas 2011, pet. denied). The statute of limitations on a suit for debt is four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3). The statute of limitations on foreclosure of a real estate lien is four years from the date of accrual of the cause of action, but "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(a), (e). In

general, a cause of action for breach of a promissory note does not accrue until the note matures either according to its terms or by acceleration of the maturity date. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Appellants, as the parties asserting the statute of limitations, had the burden of proving the accrual date of appellee's claims. *Holland*, 352 S.W.3d at 788. Therefore, appellants had the burden of proving the loan's maturity date was accelerated. "When a party attacks the sufficiency of an adverse finding on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Accordingly, we must determine whether the evidence conclusively proved acceleration of the note's maturity date.

Appellants argue that the bank's June 14, 2011 letter, combined with the fact that written notice of actual acceleration was not required by the loan documents, conclusively proved actual acceleration of the note. The letter was addressed to appellants and stated,

> Subject: Loan #81096042
> Principal Balance: $149,479.98
>
> To Whom It May Concern:
>
> Our records indicate that the referenced loan is in default under the terms of your note. Your May 10, 2011 and June 10, 2011 payments are past due in the total amount of $3,471.44[.] In addition, you have accrued late charges in the amount of $173.56.
>
> We hereby demand you forward your remittance in the amount of $3,645.00 to reach our office not later than the close of business on **Friday, June 24, 2011. Your remittance of less than the full amount due will not cure the default and will not be considered to have met the demand made in this letter and we will move to accelerate and foreclose with no further notice.**
>
> If you do not correct all and complete the events of default by the date indicated above, we will refer this matter to our attorney with instructions to accelerate the principal balance owing and begin the foreclosure process against the collateral. We trust that you appreciate the importance of your immediate attention to the matters set forth in this letter and that further action on our part will not be necessary. **THIS LETTER IS BOTH YOUR NOTICE OF DEFAULT AND NOTICE OF THE BANK'S INTENT TO ACCELERATE YOUR LOAN.**

Appellants argue this letter conclusively proved that the loan's maturity date was accelerated to June 25, 2011. We disagree. Although the letter stated the bank "will move to accelerate and foreclose with no further notice" and "will refer this matter to our attorney with instructions to accelerate the principal balance owing and begin the foreclosure process," the bank was under no obligation to do so. Appellants cited no authority stating that such a letter is any evidence, much less conclusive proof, that the bank actually accelerated the loan's maturity date. The record contains evidence that the bank did not accelerate the loan's maturity date on June 25, 2011. On February 29, 2012, eight months after the June 14, 2011 letter, the bank sent appellants another notice of default stating appellants were in default for "Delinquent property taxes and Business Insurance." The bank stated in the letter,

> As a result of such default, United Central Bank is considering exercising the rights and remedies granted to it under the Loan Documents . . . . These remedies may include accelerating the maturity date of the loan . . . and may involve the commencement of a foreclosure action against all of the collateral for such credit facility.

(Emphasis omitted.) The bank's statement in 2012 that its remedies "may include accelerating the maturity date of the loan" is evidence that the bank did not accelerate the maturity date in 2011. *Cf. Pitts v. Bank of N.Y. Mellon Trust Co.*, No. 05-17-00859-CV, 2018 WL 4940857, at \*5 (Tex. App.—Dallas Oct. 12, 2018, no pet. h.) (language in default notice that loan would be accelerated was inconsistent with an earlier notice of acceleration "because, if the noteholder intended to rely on the earlier notice of acceleration, it would not state that acceleration could occur in the future").

Appellants also argue that the statement in the June 14, 2011 letter, "further action on our part will not be necessary," meant the bank would not be providing notice of acceleration. Appellants have taken this statement out of its context. The statement, in context, was: "We trust that you appreciate the importance of your immediate attention to the matters set forth in this letter and that further action on our part will not be necessary." In context, the statement meant the bank

wanted appellants to comply with their responsibilities under the note so that it would not be "necessary" for the bank to take "further action" to enforce its rights under the note. The sentence did not mean that acceleration would occur without further action by the bank. We conclude the June 14, 2011 letter did not conclusively prove the bank accelerated the loan's maturity date.

At oral argument of this case, appellants asserted there was evidence of actual acceleration of the loans because Ko testified he received a phone call from a bank representative telling him "we're accelerating." We reject this argument for two reasons. First, appellants did not present this argument in their brief. We confine our review to the factual theories presented in the parties' briefs. *See Malone v. Patel*, 397 S.W.3d 658, 668 n.3 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Robertson v. Odom*, 296 S.W.3d 151, 159 n.13 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 39.2 ("Oral argument should emphasize and clarify the written arguments in the briefs."). Second, the evidence at trial does not support the argument. Ko testified the bank contacted him after he stopped paying. Ko's counsel asked him if he received phone calls from the bank, but Ko did not answer the question. Nor did he testify to the substance of any verbal communication with the bank.

We conclude appellants failed to prove the loan's maturity date was accelerated. Therefore, the loan matured according to its terms on September 10, 2012. The statute of limitations for breach of the note expired four years later. The trial court's finding of fact 19 found appellee "asserted a claim in this suit to foreclose on Loan 81096042 on August 1, 2016." Appellants did not challenge this finding of fact in their brief on appeal. Therefore, the finding is binding on this Court. [4] *R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 248 (Tex. App.—Dallas 2012, no pet.). August 1, 2016 was within the four-year statute of limitations.

---

[4] At oral argument, appellants asserted for the first time in this appeal that appellee's August 1, 2016 pleading did not allege a claim for foreclosure of the lien and that any subsequent claim did not relate back to this filing. Because appellants did not present this argument in their brief, we do not consider it. *See Robertson*, 296 S.W.3d at 159 n.13.

We conclude the evidence is legally and factually sufficient to support the trial court's findings of fact 17, 18 and 24.

Appellants also argue that findings of fact 17, 18, and 24 are conclusions of law that are not supported by any findings of fact. Even if appellants were correct that these are conclusions of law, we would presume findings of fact to support these conclusions because they are supported by evidence. As discussed above, the June 14, 2011 letter was not a notice of acceleration of the note, and there is evidence that the June 14, 2011 letter did not accelerate the note. Therefore, evidence in the record supports presuming findings in favor of any conclusions of law contained in the trial court's findings of fact 17, 18, and 24.

Appellants also argue that other conclusions of law were erroneous because enforcement of the note and deed of trust was barred by limitations due to acceleration of the note's maturity date. As discussed above, there was no acceleration of the note's maturity date, and the enforcement of the note and deed of trust was not barred by limitations. Therefore, those conclusions of law were not erroneous.

Appellants also argue the note was not a negotiable instrument and therefore was not subject to the six-year limitations period for negotiable instruments. *See* TEX. BUS. & COM. CODE ANN. § 3.104(a) (negotiable instrument), § 3.118(a) (six-year statute of limitations for notes that are negotiable instruments). We need not consider these arguments because appellants have not shown appellee's claims were barred by the four-year statute of limitations.

We overrule appellants' issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

170906F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FAMOUS KOKO, INC. AND TAE
HWAN KO, Appellants

No. 05-17-00906-CV     V.

MEMBER 1300 OAK, LLC, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-07620.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MEMBER 1300 OAK, LLC recover its costs of this appeal from appellants FAMOUS KOKO, INC. and TAE HWAN KO.

Judgment entered this 20th day of November, 2018.